Case number 14-7086. Latonya Boose, appellant v. District of Columbia. Mr. Tirka for the appellant. Mr. Love for the appellee. Good morning. Good morning. May it please the Court. I'm Douglas Tirka. I represent the plaintiff below and appellant here. Ms. Boos with me at the table is Nick Ostrom, co-counsel who also represented Ms. Boos before the District Court and before that at the administrative level. It is clear that a case is only moot if no effectual relief is available to the Court. And, in fact, this Court held in the same that a case is not moot where compensatory education has been sought and remains outstanding. In this case, the Court has available to it at least four kinds of relief that would affect compensatory education. The first is a declaratory judgment. Even in the absence of any substantive relief, the Court may find that AG, the student, was denied fate by DCPS and that finding would What was denied? A fair? Fair, appropriate public education. The Court may find that AG was denied fate and that would affect Ms. Boos' ability to bring a future case for compensatory education at which point she could develop the record for specific compensatory education relief. And she would need that in order to bring a new case? Certainly, yes. No, what I'm getting at, in other words, according to the brief, the city or the public schools has now agreed to pay for all this additional testing. And for all I know, it's been completed. And so if she were to challenge the adequacy of that or the adequacy of whatever the public schools comes up with or doesn't come up with as a result of that, she could just go into court again, right? She can certainly go in to challenge her existing program. No, I'm talking about, I just need to understand what's happening. When I read the brief, I thought this is a case where it's been overtaken by events. I'm just trying to understand, if you were the district court and you got this back, what would you do? So the district court would look at this, and as compared to the relief originally sought at the administrative level, the evaluations have been done, that's correct. An IEP has been developed, that's correct. What has not been addressed is compensatory education, if any, for that period before which the district did that. So is it that the district court failed to make a finding on that? The district court failed to make a finding on that correct, on whether DCPS had failed in its responsibilities, and the district court failed to issue, to make any relief. Because a declaratory judgment is not the only thing that still remains available to the district court or to this court. The court can also order, as was requested by Ms. Booz, funding for an independent compensatory education evaluation. I thought the brief said public schools had already agreed to pay for that. No, the public schools have paid for the basic evaluations of the student that they do as a matter of course. So there's an evaluation called the psychoeducational evaluation, which- So what more is Ms. Booz seeking? Well, so in her original complaint, she asked for the declaratory judgment and one of a couple of kinds of relief. There could be funding for an independent compensatory education evaluation. So that is an evaluation specifically designed to determine what harm had befallen H.E. as a result of these violations. So just take a lot of it and just say practically, the difference is between forward-looking relief and backward-looking relief. Exactly. And for backward-looking relief, I get that you want an evaluation to see what the backward-looking relief should be, but what are we talking about? What is the kinds of backward-looking relief that can be issued in a situation in which somebody makes a determination that a compensatory relief is warranted? The shape of that relief can be all kinds of things. Sometimes it's very obvious things like tutoring and where there have been related services missed. There will be make-up services for occupational therapy or things like that. So when we speak in those terms, I assume that the forward-looking relief also involves tutoring and occupational services. But the forward-looking relief resolves the child's current situation as of the moment that relief is presented. Reid addresses exactly this point and says- We understand that the IEP is supposed to help the child as a child is. That is not the same as compensatory education, and we cited the relevant portion of Reid in there. I know, but we just- I can't speak for the other judge, but I just want to be clear. The record before the district court was that an IEP had been developed, the evaluations had been done, and at least there were notes- I'm sorry, at least there were? Notes, N-O-T-E-S, from someone involved saying that a compensatory education was not needed. And there was evidence that the child is functioning at his then-current grade level. And so the district argues, even, as I read it, even if it was error to rule that the matter was moot, Mrs. Booz has failed to meet her burden to demonstrate that she can survive summary judgment. And what's your response on that? Well, to say that the- so as the district court saw it, there had been the evaluations done, the IEP had been developed. To say that there was a record that everything was therefore fixed is not the case. There was a conclusion by the district court. The district court deduced that because the IEP had not been challenged with a new hearing, that everything was therefore okay. But there's a big difference between challenging an IEP, you know, as it exists going forward, and challenging- Let me give you a hypothetical case. A mother is very concerned about her child because the child is acting out, he's getting into fights, etc. The child ages, all right? The city does an evaluation. It decides the child needs some tutoring. The child, according to the school's evaluations, is doing better. He's focusing more, concentrating, etc. And he's functioning at his grade level. So at that point, the question is, does anybody have a burden to do anything to show that something is missing? I mean, that's- it's just- I just want to understand that part of it. Sure. If the district did its evaluation and determined that the child did not need special education, the child was not even eligible, the child was completely fine- No, the city has, in my hypothetical, come up with this IEP. So the child is getting that aspect of the statutory relief that you seek. And you're saying there are four kinds of relief that you can still seek that would be meaningful. And one is this declaratory judgment. And so we explored that. What's the second? The second relief would be, along with that finding, would be to order funding for an independent evaluation of what compensatory education would be appropriate. That is, what would make up for the past harm. And so she has no burden at summary judgment. I just want to be clear. Because she has this statutory right. She has a burden at summary judgment to show that there was a deprivation. Of what? Of faith. That the school system failed to meet its obligations. Is the difference, maybe I can help this, is the difference between Judge Rogers' hypothetical and this case, that in this case, the district, as compared to her hypothetical, which as I understood, the district identifies a student, develops an IEP, and provides special ed. In this case, as I understand it, you're arguing that the DCPS failed to identify this child two years earlier, correct? A year and a half earlier. A year and a half earlier. And that's what this is all about, right? Absolutely. In other words, the child has the IEP, a legal IEP for whatever condition AG is operating under now. Your point is that the district failed to identify the child a year and a half ago, correct? Absolutely. And under Reed, it has to provide compensatory education for that failure. That's the difference between this case and Judge Rogers' hypo, right? Exactly. Okay. So back to my hypo. Yeah. The two years earlier, is it that you say you want the district court to enter a declaratory judgment as to this year and a half? You want the district court to order the city to do this evaluation? To fund an evaluation. To fund the evaluation, and you say that that footnote in the brief, that they've already agreed to do that, is not what you're seeking. And where do you identify what you are seeking? So those are different evaluations. That's what you tell me. Where have you identified that it is different from what you say you want now? In the due process complaint, in the original administrative record, I believe in this case Mr. Ostrom had a section separately that said compensatory education and requested in the alternative either an evaluation. I think I'm over time. May I finish my answer? Of course. As in the alternative, that they send the issue to a new meeting to determine compensatory education or fund the independent compensatory education evaluation. And so my question is, you have said that what the city has agreed to fund is not the evaluation you're seeking.  An evaluation to determine appropriate compensatory education for those 18 months. You know, we're going around in circles here. In other words, you say, or you just said here, that the evaluation the city has agreed to fund is what they do for every child normally. Correct. And what your client wants is something different. Correct. And what is that difference? And did you tell the district court what that difference was? Yes. So in the federal complaint that went to the district court, on the first page of it where Mr. Ostrom declared the relief sought, there is a request for, I believe you identified specifically, a psychoeducational evaluation and an evaluation for ADHD. So is it that the evaluation the city did did not address the one and a half year period? Correct. The evaluation the city did was not geared to determine what harm had befallen AG in the 18 months and what would remedy that harm. The evaluation was designed solely to determine what AG needed going forward. And we know this because? Because there was no indication in that evaluation that it was for that purpose. And so it's the failure of the district court to make the finding regarding this that is the error? It's the failure of the district court to determine whether AG had denied faith for those 18 months, one, to order either, as I said, the declaratory judgment, the funding for the evaluation. So the District of Columbia files a motion for summary judgment. And I just need you to tell me what it is your client had to show at that point. Is it just that there is no document saying we have done the necessary evaluations for the one and a half years and we find that nothing more is needed? What we had to show at that point was the absence of any evaluation for that 18 months, which was conceded. We had to show the evidence that AG was a child suspected of having a disability, which triggers a responsibility. So the city says we have a note saying that a determination was made that compensatory education was not necessary. And did you challenge that? Yes, absolutely. And that was challenged with two affidavits from people present. And I'll note that the city's evidence was not backed by anything. It was just a blank form document of notes. Right, so as I remember, one of the affidavits, the person said, I was at the meeting and there was no discussion. Correct, they both said that, yes. We also pointed out in our brief that even had the discussion occurred, that discussion would not move the case because the relief requested was not any discussion, but, of course, a discussion that resulted in an appropriate determination. In other words, the district court could have disagreed and said, I find that compensatory services are warranted. Exactly, the district court ordered that determination to be an appropriate determination. A determination was made and Ms. Boots disagreed with it. She could come back and it would be essentially a motion for contempt, but it would be to challenge that. All right, thank you. Thank you. Counsel for Apolli? Good morning, and may I please the court? Richard Love for the District of Columbia. Ms. Boots' complaint here appealed the hearing officer's decision that DCPS did not fail to provide an appropriate public education by not having evaluated AG prior to the time that it did. That appeal, that decision was appealed to the district court. By the time the appeal was taken to the district court, AG had been evaluated by DCPS, and indeed three days after the complaint was filed in the district court, an IEP was developed. But you've heard our discussion with appellant's counsel. What's your response? Well, let me just focus the question. Let me just try to focus on that question and get to the heart, what I think is the heart of this case. You're right, there's an IEP in place. But in the administrative complaint and in the district court, AG's mother asked for compensatory education. Everybody agrees that the IEP does not include compensatory education. So why is the case moot? That's the only issue before us. How can the case possibly be moot? Maybe he's not entitled to compensatory education, but the question of whether he's entitled is not moot. Because the IEP doesn't include compensatory education. He sought it. I think in the context of this complaint, his claim for compensatory education is premature. He sought a claim. He sought a premature. Premature for what? I don't understand. Premature because he was seeking what he was seeking, what he challenged in the hearing office. Do you agree that the administrative complaint sought compensatory education? That is, the argument was that this child should have had an IEP since kindergarten, right? I mean, since first grade. That's the administrative complaint. Same thing in the district court complaint. Correct. DC responded with a regular IEP, and under Reed, that's not sufficient. Or it may not be sufficient. So I get your argument. Under Reed, the court also said that, as I understand it, you know, that. Reed says that IEPs are forward-looking. That's correct. And they're designed under Raleigh to provide some educational benefit. But it also said. But because. Well, you go ahead and finish. What does it say? I thought it also said that CompEd was dependent on a deficient IEP. No, it doesn't. Really? Where does it say that? I mean, all it says, as I read it, is that a normal IE, even a, that a perfectly adequate IEP, a perfectly adequate IEP does not. An IEP is not deficient because it doesn't include compensatory education. An IEP is designed to provide some educational benefit under Raleigh. But the question under Reed is whether or not the district is also obligated to provide compensatory education for failing to comply with the fined requirements of the Act. And that's what Reed says. Reed says we hold that. Here. It says, we join our sister circuits and hold the compensatory education awards fit comfortably within the broad discretion of the district courts. Fashioning remedies. And that's because IEPs aren't sufficient, by definition, to compensate for the district's failure to identify the child a year and a half earlier. Maybe I phrased it wrong. I think it says it's a prospective correction of a deficient IEP. What's the it? Reed. No. I would define COMPAD as a prospective correction of a deficient IEP. The court here reasonably inferred since the parent never challenged in seven months the IEP that it wasn't deficient. But I understand the court's point. Okay. But just tell me why is it moot? I mean, if you wanted to argue about whether or not AG was entitled to compensatory education, it's a different question. But just explain to me, it's very simple. One, she sought compensatory education for failing to identify the child earlier. Two, DC has an IEP that does not include compensatory education. Why is the case moot? That's what I don't understand. I understand. Okay. All I can say is, as we tried to set out in the brief, that the complaint here is, in the context of this complaint, is either premature or too speculative. And when you say too speculative, I don't understand what you mean by premature. I understand. Because that doesn't sound like mootness. But when you say speculative, it seems like what you're saying is the claim is non-meritorious, that it's speculative because it's unlikely that compensatory relief, in fact, is warranted. But that doesn't go to mootness. That just goes to whether there's an entitlement to prevail in summary judgment. Yeah. I understand. I think, you know, it does certainly get into the facts of this case. And we did argue alternatively that, on this record, Ms. Booth did not meet her obligation to support her claim for summary judgment for compensatory education. Which is a summary judgment argument, not a moot case. It is a summary judgment argument, but we raised that, and we do believe on this record, you know, it's quite clear that Ms. Booth did not support this claim at all. But the district court didn't get into any of that. The district court did not. But I think the record is clear. Now, Ms. Booth, in her reply brief, says that she doesn't have to because, you know, the claim here was that Can I just ask you, just before you go on to the summary judgment argument, just to clarify the mootness argument. It sounds like you acknowledge that the mootness argument that you put forward and that the district court accepted is bound up with merits of whether summary judgment should be granted. Well, well, yeah, I think much of the argument is tied into the facts of this case. But I do believe, you know, that, I mean, that, that what, what Could you make all the, maybe I can ask the question this way. If we were to say that it was erroneous to dismiss the case on mootness grounds, but then remand for an opportunity for you to make the exact same summary judgment arguments that you're making now, you'd have an opportunity then to make your case. Yes, and the district court would have to address, I mean, you can't jump right to comp-ed. For there to be comp-ed, there has to be a violation of faith. The hearing officer found that there was But you can make all those arguments. Excuse me? You can make all those arguments in the district court. That would be the merits, wouldn't it? Yes, it would. But what I was moving on to was the argument that we raised alternatively, and that the record here is that there is no evidence supporting the comp-ed claim. What Ms. Booth argues in reply is she didn't need to make that, she didn't need to support her comp-ed claim because her complaint was that DCPS failed to evaluate the student as required by IDEA. It seems to me you can't have it both ways. But it's the district's obligation under the law to provide, to identify the children, evaluate them, and provide the program. And here, DC, here it's obvious from the record that the child was not identified and served beginning in first grade. That's not what the hearing officer found. The hearing officer found that he was at grade level, there was some behavioral and academic adjustments in both kindergarten and the beginning of first grade. And she's challenging that. And she challenged that. And that's right. And maybe the administrative law judge is right, but the only question before us is Moosk. Mr. Turcom mentioned Lecessne. Can you distinguish this case from Lecessne? Let me read you the key sentence. This is from Lecessne. The complaint contains an explicit demand for compensatory education, period. Because the party's agreement, that is the IP, does not address that demand for compensatory education, the complaint presents a lot of controversy. And we reverse the district court's finding of mootness. The only way I could distinguish it is by pointing, Your Honor, to a case I did not cite in the brief and I can't pronounce, so I'll expel. What is it? It's I-J-E-A-B-U-O-N-W-U. It's at 642 F. 3rd, 1191. Is that this court? Is that us? This court? This court, yes. In this case, this court found that CompEd did not save the claim from mootness and said, excuse me. This case is not in your brief? It is not. What's it say? And there are differences in the case. But it did point out that CompEd or the evaluations were the preliminary step. And if the evaluations show for a need for CompEd, then D.C. would need to provide it. Here the evaluations were provided. So that's the only way I could distinguish this. All right. Thank you. Thank you very much. Counsel for appellant, would you like a minute? Please. Thank you. It's a J-E-A-B-U-N-W-U is the name, but I'm afraid I don't remember the details well enough to discuss it because it wasn't in the briefs. But I do know that was a fees case, and I don't think it was addressing specifically mootness for compensatory education. I would like to just review very quickly the different kinds of beliefs that the court could order. And I say this because, you know, this is something of a question that comes up at the administrative level before it ever reaches the district. And I think depending on how this court phrases its opinion, it may give helpful guidance to the hearing officers. So we contend that the court or the hearing officer could have issued a declaratory relief, could have required the funding for the CompEd evaluation, could have enjoined the district to, following the regular evaluation in the IEP, to hold a meeting to determine compensatory education. And now, as it is before this court, the court could order the district court to do an evidentiary hearing now that the evidence actually exists. Earlier, there was no evidence to show what harm had occurred, so a case can be made for either side. Now the evidence does exist. That's something available to the district court that would not have been available to the administrative hearing officer. So the district has done the evaluation? The district has done it? You say the evidence exists. Yes, the district did not the compensatory education evaluation, the basic evaluation, but that provides something of a record. Now that there is an IEP, we have some basis for determining what was missed for those 18 months. And all that was before the district court? Well, it came in piecemeal. So the evaluation in IEP was finished, I think it was, eight days after the filing of the federal complaint. And as of the time of the summary judgment motions, Ms. Boone was still seeking independent evaluations. So now that process has now concluded. That was after all the briefing was done. So the independent evaluations, are those the evaluations the district agreed to fund? Eventually, yes. And are those the evaluations that you say provide the necessary evidence with regard to her claim for compensatory education? They provide something, but they do not provide what Ms. Boone still seeks, which is funding for an independent evaluation specifically designed to determine compensatory education. So the independent evaluation that has been done, that the city has paid for, is simply what you referred to initially? Yes. All right. And am I right that the evaluation you're seeking focuses on whether there was any damage done as a result of the year-and-a-half delay? That's the focus, right? Correct. That's what hasn't been done? Whether there was damage, what damage was done, and what would remedy it. Okay. But that's the difference between what you're seeking and what the district has done? Exactly. Okay. All right. Thank you. We'll take the case under advisory.
judges: Rogers, Tatel, Srinivasan